UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 12 CIV 6075

ANTARES MANAGEMENT LLC, **JUDGE GRIESA**
SARANSH SHARMA,

Plaintiffs,

v.

GALT GLOBAL CAPITAL, INC.,
GLOBAL INNOVATION FUND, LTD;
GARY BARTHOLOMEW,

Defendants.

Civil No.



## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, the

action entitled *Antares Management LLC, Saransh Sharma v. Galt Global Capital Inc., Global*

*Innovation Fund, Ltd., Gary Bartholomew*, commenced in the Supreme Court of the State of

New York for the County of New York, Index No. 652179/2012, is removed by the Defendants,

Galt Global Capital, Inc., Global Innovation Fund, Ltd., and Gary Bartholomew, from the

Supreme Court of the State of New York, County of New York to the United States District

Court for the Southern District of New York by the filing of this Notice of Removal with the

Clerk of the United States District Court for the Southern District of New York.

Defendants, Galt Global Capital, Inc. ("Galt"), Global Innovation Fund, Ltd.

("GIF"), and Gary Bartholomew ("Bartholomew") (collectively "Defendants"), by and through

their attorneys, respectfully state the following as grounds for removing this action:

1.       On or about June 22, 2012, plaintiffs Antares Management LLC

("Antares") and Saransh Sharma ("Sharma") (collectively, "plaintiffs"), commenced this action

by filing a Summons and Verified Complaint in New York State Court, New York County. *See*

**Exhibit 1.**

2.       On July 16, 2012, plaintiffs served their Summons and Verified Complaint

on GIF, by personally serving the company's office in Grand Cayman. A copy of the cover

letter, Hague Service Convention "Notice", and Hague Service Convention "Summary", are

attached under **Exhibit 2**.

3.       On July 16, 2012, plaintiffs served their Summons and Verified Complaint

on Galt, by personally serving the company's office in Grand Cayman. A copy of the cover

letter, Hague Service Convention "Notice", and Hague Service Convention "Summary", are

attached under **Exhibit 3**.

4.       To date, Bartholomew has not been served with plaintiffs' Summons and

Verified Complaint.

5.       Pursuant to 28 U.S.C. § 1446(b), the Defendants have filed this Notice of

Removal within thirty (30) days after being  served with plaintiffs' Summons and Verified

Complaint.

6.       Defendants have removed this case to this Court because this Court has

subject matter jurisdiction. The Defendants do not intend to make a "general appearance" in

filing this Notice and do not consent to personal jurisdiction. The Defendants expressly reserve

all defenses, including but not limited to, defenses based on lack of service and improper service, lack of personal jurisdiction, and failure to state a claim.

## THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332

7.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because, upon information and belief, there is complete diversity of citizenship between the parties under 28 U.S.C. § 1332(a)(1)-(3). The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### Diversity of Citizenship

#### Plaintiffs

8.      In their complaint, plaintiffs state that Antares is a Delaware limited liability company with its principal place of business in San Jose, California. *See* Exhibit 1, ¶ 17.

9.      Sharma resides in San Jose, California. *See* Exhibit 1, ¶¶, 18, 22.

10.     Upon information and belief, Sharma is a citizen of the United States or admitted for permanent residence in the United States.

11.     As such, Sharma is considered a citizen of the United States for diversity jurisdiction purposes.

12.     Sharma is the principal and only member of Antares. *See* Exhibit 1, ¶ 18.

13.     Plaintiffs designated New York County as the venue for their state case based on the alleged residence of plaintiffs. *See* Exhibit 1, Summons.

- 3 -

14. For diversity jurisdiction purposes, Antares is a citizen of the United States.

**Defendants**

15. Defendant GIF is a company organized under the laws of the Cayman Islands with its principal place of business in Grand Cayman, Cayman Islands, and a business address of Stuarts Corporate Services, Ltd., P.O. Box 2510, 4th Floor, 1 Cayman Financial Center, 36A Dr. Roy's Drive, Grand Cayman, Cayman Islands.

16. The Cayman Islands is a British dependent territory. GIF is therefore an alien and citizen of the United Kingdom for diversity jurisdiction purposes.

17. Defendant Galt is company organized under the laws of the Cayman Islands with its principal place of business in Grand Cayman, Cayman Islands, and a business address of Stuarts Corporate Services, Ltd., P.O. Box 2510, 4th Floor, 1 Cayman Financial Center, 36A Dr. Roy's Drive, Grand Cayman, Cayman Islands.

18. Galt is an alien and citizen of the United Kingdom for diversity jurisdiction purposes.

19. Bartholomew is a Canadian citizen who resides in Toronto, Ontario, Canada.

20. Bartholomew is an alien and citizen of Canada for diversity jurisdiction purposes.

## Amount in Controversy

21.     The face of the plaintiffs' complaint establishes that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

22.     Plaintiffs have alleged that they suffered, at least, $15.5 million in damages. See Exhibit 1, ¶¶ 90, 109, and Plaintiffs' Demand for Relief, ¶ 1. The Defendants expressly deny the plaintiffs' allegations, but the monetary threshold for diversity of jurisdiction purposes is clearly satisfied based on plaintiffs' complaint.

## PROCEDURAL MATTERS

23.     The Defendants have submitted with this Notice of Removal a completed Civil Cover Sheet and a check in the amount of $350.00 for the required filing fee.

24.     A copy of the written notice required by 28 U.S.C. § 1446(d), addressed to the plaintiffs' counsel and to the Clerk for the Supreme Court, New York County, is attached as **Exhibit 4.** It will be filed with that clerk and, along with this Notice of Removal, will be served on plaintiffs after the filing of this Notice of Removal.

**WHEREFORE**, Defendants remove this action, currently docketed in the Supreme Court of the State of New York, New York County, Index No.652179/2012, to this Court and requests that the United States District Court for the Southern District of New York assume complete jurisdiction over this action and exclude any further proceedings in the New York State Supreme Court.

Dated:      August 7, 2012

**HODGSON RUSS LLP**
*Attorneys for Defendants Galt Global Capital, Inc.,*
*Global Innovation Fund, Ltd., and Gary*
*Bartholomew*

By: _____
    Ryan K. Cummings (RC 5411)
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone:  (716) 856-4000
Facsimile: (716) 849-0349
E-mail: *ryan_cummings@hodgsonruss.com*


TO:         **SHER TREMONTE LLP**
            *Attorneys for Plaintiffs*
            Justin M. Sher, Esq.
            41 Madison Avenue, 41st Floor
            New York, New York 10010
            Telephone: (212) 202-2600
            Facsimile: (212) 202-4156
            E-mail: *jsher@shertremonte.com*

# Exhibit 1

FILED: NEW YORK COUNTY CLERK 06/22/2012

NYSCEF DOC. NO. 1

INDEX NO. 652179/2012

RECEIVED NYSCEF: 06/22/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ANTARES MANAGEMENT LLC, SARANSH
SHARMA,

                 Plaintiffs,

      -against-

GALT GLOBAL CAPITAL INC., GLOBAL
INNOVATION FUND, LTD., GARY
BARTHOLOMEW,

                 Defendants.

Index No. 652179/2012

The basis of venue is:
CPLR § 503(a)

**SUMMONS**

Date Index No. purchased:
June 22, 2012

TO THE ABOVE NAMED DEFENDANTS:

      PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the

complaint in this action and to serve a copy of your answer, or, if the complaint is not served

with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days

after the service of this summons, exclusive of the day of service (or within 30 days after the

service is complete if this summons is not personally delivered to you within the State of New

York); and in case of your failure to appear or answer, judgment will be taken against you by

default for the relief demanded in the complaint.

      The basis for venue is Plaintiff's residence in New York County pursuant to CPLR §

503(a).

Dated: New York, New York
      June 22, 2012

SHER TREMONTE LLP

By: /s/ Justin M. Sher
    Justin M. Sher
41 Madison Avenue, 41st Floor
New York, New York 10010
Tel: 212.202.2600
Fax: 212.202.4156
E-mail: jsher@shertremonte.com

*Attorneys for Plaintiff Daniel Fries Productions Inc.,
d/b/a Leroy and Clarkson*

To:   Galt Global Capital Inc.
      1129-36 Blue Jays Way
      Toronto, Ontario, Canada M5V 3T3

      Global Innovation Fund, Ltd.
      c/o Walkers Corporate Services Limited
      Walkers House, 87 Mary Street
      Georgetown, Grand Cayman
      Cayman Islands, KY1-9001

      Gary Bartholomew
      1129-36 Blue Jays Way
      Toronto, Ontario, Canada M5V 3T3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ANTARES MANAGEMENT LLC, SARANSH
SHARMA,

                  Plaintiffs,

    -against-

GALT GLOBAL CAPITAL INC., GLOBAL
INNOVATION FUND, LTD., GARY
BARTHOLOMEW,

                  Defendants.

Index No. 652179/2012

**VERIFIED COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiffs Antares Management LLC ("Antares") and Saransh Sharma ("Sharma" and together, "Plaintiffs"), by their undersigned attorneys, for their Verified Complaint against Defendants Galt Global Capital Inc. ("Galt"), Global Innovation Fund, Ltd. ("GIF") and Gary Bartholomew ("Bartholomew" and, collectively, the "Defendants"), allege as follows:

## NATURE OF ACTION

      1.    This action arises from Defendants' refusal to pay Plaintiffs an agreed upon finder's fee or otherwise compensate Plaintiffs for the work they performed for Defendants and their joint venture.

      2.    Galt and Bartholomew created GIF as a fund whose primary purpose was to invest in social media companies, including Facebook, Inc.

      3.    Plaintiffs have valuable contacts with investors in both the financial and technology industries throughout various parts of the world, including the United States and the Middle East.

      4.    Defendants enlisted Plaintiffs as partners to identify potential investors in GIF and potential sellers of private shares of social media companies.

5.     In return for Plaintiffs' assistance in identifying potential investors and sellers and introducing them to Defendants, Defendants agreed to pay Plaintiffs a finder's fee.

6.     Defendants agreed to pay Plaintiffs 50 percent of any fees generated.

7.     Plaintiffs spent several months and thousands of hours attempting to identify potential investors in GIF and sellers of shares of social media companies.

8.     Plaintiffs identified Juthoor Corporation ("Juthoor"), a major investor, and introduced Juthoor to Defendants.

9.     Juthoor executed a letter of intent (the "LOI"), in which it confirmed its intention to invest $341 million in GIF.

10.    The LOI included a commitment from Juthoor to pay front-end fees of ten percent, or $31 million, and a performance fee of 20 percent for any profits generated.

11.    In the LOI, Juthoor expressed its interest in "consummating this investment as soon as possible."

12.    Notwithstanding Plaintiffs' success in identifying Juthoor and bringing Juthoor to Defendants, Defendants rejected Juthoor as an investor.

13.    Upon information and belief, Defendants rejected Juthoor in bad faith in order to avoid paying Plaintiffs their agreed upon share of the fees.

14.    In this action, Plaintiffs seek to recover the finder's fee they earned, compensation for the efforts they expended and the related damages they suffered.

## JURISDICTION AND VENUE

15.     This Court has personal and subject matter jurisdiction over this action pursuant to CPLR §§ 301 and 302.

16.     Venue is proper in New York County pursuant to CPLR § 503 because, upon information and belief, Defendant Galt maintains an office in New York County and, alternatively, because Plaintiff has designated New York County.

## PARTIES

17.     Plaintiff Antares is a limited liability company, organized in the State of Delaware, which offers market research and finder services in the social media sector. Antares currently maintains its principal place of business in San Jose, California. Prior to July 2011, Antares maintained its principal place of business in New York, New York.

18.     Plaintiff Sharma is the principal of Antares. Sharma currently resides in San Jose, California. Prior to July 2011, Sharma resided in New York, New York.

19.     Defendant Galt is an asset management and financial advisory firm. Upon information and belief, Galt is organized in the Cayman Islands and maintains offices in Toronto, New York and the Cayman Islands. Galt regularly conducts business in New York State.

20.     Defendant GIF is a fund managed by Galt. Upon information and belief, GIF is organized in the Cayman Islands and maintains a principal place of business in Grand Cayman. GIF regularly conducts business in New York State.

21.     Defendant Bartholomew is a principal of Galt. Upon information and belief, Bartholomew resides in Toronto, Ontario. Bartholomew regularly conducts business in New York State.

## FACTS COMMON TO ALL CLAIMS

### I.    Sharma Establishes Antares

22.    Sharma was born in Muscat, Oman.

23.    Sharma attended college in the United States.

24.    From 2003 through 2010, Sharma was employed in the financial industry.

25.    In the course of his employment, Sharma developed a substantial global network.

26.    Sharma established strong connections with investors based in the United States and, through his close ties to Oman, the Middle East.

27.    Sharma also established strong connections with entrepreneurs, investors and broker-dealers in the technology and social media sectors.

28.    In or about March 2011, Sharma formed Antares to service his growing network.

29.    Through Antares, Sharma offered market research and finder and consulting services in the financial and social media sectors.

### II.    Plaintiffs and Defendants Agree to Work Together

30.    In or about September 2010, several months before he founded Antares, Sharma was introduced to Bartholomew through a third party.

31.    Galt and Bartholomew were involved in bringing parties together for direct purchases of tradable shares of social media companies, including Facebook, Twitter and LinkedIn.

32.    In addition, Bartholomew told Sharma that he and Galt were raising money for GIF.

33.    GIF was a new investment fund that would be managed by Galt and would focus on investing in the social media sector.

4

34.    GIF would invest primarily in shares of social media companies, including Facebook, Inc.

35.    In October 2010 and at all relevant times, Facebook was a private social networking company whose shares were not freely tradable on public markets.

36.    At that time, shares of Facebook could be purchased only through private channels from employees, venture capitalists and others with an inside connection to Facebook.

37.    Facebook had a substantial, global subscriber base and is regarded by many as the largest and most valuable social networking company.

38.    Because Facebook was expected to make an initial public offering that could result in the appreciation of its shares, Facebook's privately traded shares were in high demand.

39.    Defendants recognized that Plaintiffs offered valuable connections to both potential investors and potential sellers of shares of social media companies, including Facebook.

40.    Plaintiffs and Defendants agreed to work together as partners and form a joint venture.

41.    Plaintiffs and Defendants agreed to endeavor to facilitate deals through their combined connections.

42.    Plaintiffs agreed to share their connections to global investors and social media insiders.

43.    Defendants agreed to bring their access to capital and their relationship with a broker dealer at Deutsche Bank who offered to extend margin loans equal to 25 percent of the assets they deposited at Deutsche Bank.

44.    Defendants invited Sharma to become a shareholder of Galt.

5

45.     Over the next several months, Plaintiffs and Defendants attempted to introduce multiple parties and to facilitate various deals.

46.     Throughout this period, the terms of Plaintiffs and Defendants' partnership continued to evolve.

## III.     Plaintiffs Identify Juthoor as a Potential Investor and Defendants Confirm Their Commitment to Split Fees from Any Investors Introduced by Plaintiffs

47.     In or about October 2010, in furtherance of their partnership, Plaintiffs provided a list of their contacts to Defendants.

48.     The list included Juthoor Corporation, an important potential investor.

49.     In or about November 2010, Plaintiffs met with Juthoor to discuss the possibility of arranging a meeting between Juthoor to Defendants.

50.     In the subsequent months, Plaintiffs continued to communicate with Juthoor about the possibility of meeting with Defendants.

51.     Plaintiffs and Defendants continued to work together in an effort to put together various deals, none of which came to fruition.

52.     On or about April 14, 2011, Bartholomew e-mailed Sharma.

53.     In the e-mail, Bartholomew expressed his view that attracting investors to GIF was "still the way to go."

54.     Bartholomew stated that, if they could just find an investor interested in contributing at least $50 million, then "off we go."

55.     On or about April 23, 2011, Bartholomew sent another e-mail to Sharma.

56.     In the e-mail, Bartholomew reiterated the agreement to split equally any fees generated from investors introduced by Plaintiffs: "if you have any capital source that we can

6

push to the fund *fee split of 50%* to the capital and the pitch is we have access to FB stock at $23-25/share and this is done by using our DB facility" (emphasis added).

## IV.   Plaintiffs Bring Juthoor to Defendants as a Ready, Willing and Able Investor

57.   Plaintiffs continued to spend their time and resources to find potential investors for GIF in order to further the interest of Plaintiffs' partnership with Defendants.

58.   In January 2012, Plaintiffs met with Juthoor and offered once again to introduce Juthoor to Defendants.

59.   On January 10, 2012, Juthoor executed the LOI, attached hereto as **Exhibit 1**.

60.   The LOI is addressed to Sharma and Antares in New York.

61.   In the LOI, Juthoor detailed the terms of the investment they intended to make.

62.   Juthoor stated their interest in investing in "Global Innovation Fund, Ltd." managed by "Galt Global Capital, Inc."

63.   Juthoor indicated their interest in investing sufficient capital in the fund to purchase ten million shares of Facebook Class B Common Shares at a price of $31 per share or less.

64.   Juthoor indicated its intention to pay a front-end fee of ten percent, or $31 million in addition to a performance fee of 20 percent of profits generated upon the liquidation of the Facebook shares following six months after a public offering.

65.   Juthoor concluded the letter by writing, "We look forward to consummating this investment as soon as possible."

7

## V.    Defendants Reject Juthoor and Refuse to Pay Plaintiffs

66.    On or about January 11, 2012 Plaintiffs attempted to present the LOI to Defendants.

67.    The LOI met all the terms sought by GIF.

68.    Juthoor was prepared to invest $310 million in the fund, over six times as much as the $50 million Defendants had indicated in April 2011 they were hoping to receive.

69.    Juthoor was a ready, willing and able investor.

70.    The fees generated by Juthoor were guaranteed to be a minimum of $31 million.

71.    Pursuant to the agreement between Plaintiffs and Defendants, Plaintiffs and Defendants would each receive half of this fee, or $15.5 million.

72.    Notwithstanding the agreement between the parties and Defendants' repeated pleas for Plaintiffs' assistance in raising capital, Defendants refused to consider Juthoor as an investor.

73.    Defendants rejected Juthoor wrongfully and improperly.

74.    Upon information and belief, Defendants rejected Juthoor in bad faith because Defendants did not wish to share any fees with Plaintiffs.

75.    Upon information and belief, Defendants identified other investors in GIF and closed deals with them.

76.    Defendants excluded Plaintiffs from these deals.

77.    Upon information and belief, Defendants found the other investors and/or sellers of Facebook through contacts Plaintiffs had identified for Defendants.

78.    As a consequence of Defendants' rejection of Juthoor, Plaintiffs suffered damages to their professional reputation.

8

79. Defendants have not paid any finder's fee to Plaintiffs.

80. Defendants have not compensated Plaintiffs for the time, out-of-pocket expenses and other resources they expended on behalf of the partnership.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

81. Plaintiffs repeat and re-allege each of the foregoing allegations as if fully set forth herein.

82. Plaintiffs and Defendants entered into a valid agreement.

83. Plaintiffs agreed to identify potential investors in GIF and introduce them to Defendants.

84. Defendants agreed to share equally with Plaintiffs any fees generated from investments in GIF made by investors introduced by Plaintiffs.

85. Plaintiffs performed their obligation under the contract by introducing Juthoor, a ready, willing and able investor, to Defendants.

86. Defendants wrongfully and improperly rejected Juthoor's investment in order to avoid paying Plaintiffs their agreed upon finder's fee.

87. Defendants acted in bad faith by rejecting Juthoor's investment in order to avoid paying Plaintiffs their finder's fee.

88. By rejecting Juthoor as an investor and refusing to pay Plaintiffs the finder's fee, Defendants breached the terms of their agreement with Plaintiffs.

89. By rejecting Juthoor as an investor and refusing to pay Plaintiffs the finder's fee, Defendants breached the implied covenant of good faith and fair dealing.

90. As a direct and proximate consequence of Defendants' breach, Plaintiffs have suffered damages of $15.5 million in lost front-end management fees.

9

91.     As a direct and proximate consequence of Defendants' breach, Plaintiffs have suffered damages of additional millions of dollars in performance-based fees.

## SECOND CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY

92.     Plaintiffs repeat and re-allege each of the foregoing allegations as if fully set forth herein.

93.     Plaintiffs and Defendants formed a partnership.

94.     Under the terms of their oral partnership agreement, reflected in a series of writings, Plaintiffs and Defendants agreed to endeavor to facilitate deals through their combined connections.

95.     Pursuant to their partnership agreement, Plaintiffs and Defendants agreed to split equally any fees that were generated from these endeavors.

96.     As a consequence of their partnership, Defendants owed Plaintiffs fiduciary duties, including duties of care, good faith and loyalty.

97.     Defendants breached the fiduciary duties they owed to Plaintiffs by, among other things, exploiting Plaintiffs' contacts for Defendants' own benefit.

98.     Upon information and belief, Defendants have proceeded to raise funds for GIF and enter into other deals with investors Defendants identified through Plaintiffs' contacts, including Peter Healy and EFG.

99.     As a direct and proximate consequence of Defendants' breaches of fiduciary duty, Plaintiffs have suffered damages in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### QUANTUM MERUIT

100.    Plaintiffs repeat and re-allege each of the foregoing allegations as if fully set forth

herein.

101.    Plaintiffs performed services as a finder for Defendants.

102.    Plaintiffs performed these services in good faith.

103.    Defendants accepted and benefited from Plaintiffs' services.

104.    Plaintiffs expected to be compensated for its services.

105.    Specifically, Plaintiffs expected to receive half of the fees generated from any

investors introduced by Plaintiffs to Defendants.

106.    It is customary in the financial industry for finders to receive a commission for

their services.

107.    The services performed by Plaintiffs had substantial value.

108.    The Defendants have not fully compensated the Plaintiffs for their services.

109.    Plaintiffs are entitled to recover from Defendants based on quantum meruit the

full value of the services it performed for Defendants or no less than $15.5 million.

### FOURTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT

110.    Plaintiffs repeat and re-allege each of the foregoing allegations as if fully set forth

herein.

111.    Plaintiffs performed finder services for Defendants and introduced Defendants to

important contacts who, upon information and belief, helped Defendants consummate various

deals.

112.    Defendants benefitted from these services at the expense of Plaintiffs.

11

113.    Defendants have not fully compensated Plaintiffs for these services.

114.    It is against equity and good conscience to permit Defendants to retain the benefit of Plaintiffs' services without fully compensating Plaintiffs.

115.    Defendants have been unjustly enriched in an amount no less than $15.5 million by accepting Plaintiffs' services without fully compensating them.

## FIFTH CLAIM FOR RELIEF
## ESTOPPEL

116.    Plaintiffs repeat and re-allege each of the foregoing allegations as if fully set forth herein.

117.    The Defendants promised to pay Plaintiffs 50 percent of all fees generated from investors introduced by Plaintiffs.

118.    Plaintiffs reasonably and foreseeably relied on Defendants' promises to its detriment by expending time and effort to identify potential investors in GIF and introduce them to Defendants.

119.    At all relevant times, Defendants were aware of Plaintiffs' reliance.

120.    Defendants should be estopped from disavowing their obligations to pay Plaintiffs their fee of $15.5 million plus an additional performance fee to be determined at trial in connection with Plaintiffs' performance of finder services.

12

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs Antares and Sharma pray for judgment against Defendants as follows:

     1.     Granting Plaintiffs damages in an amount to be proven at trial but no less than $15.5 million plus applicable interest;

     2.     Granting Plaintiffs their full costs; and

     3.     Granting Plaintiffs such other and further relief as the Court may consider equitable, just, and proper.

Dated:  New York, New York
         June 22, 2012

                                SHER TREMONTE LLP

                                By:  */s/ Justin M. Sher*
                                      Justin M. Sher
                                      Yuriko Tada
                                    41 Madison Avenue, 41st Floor
                                    New York, New York 10010
                                    Tel: 212.202.2600
                                    E-mail: jsher@shertremonte.com

                                  *Attorneys for Plaintiffs Antares Management LLC and Saransh Sharma*

## VERIFICATION

JUSTIN M. SHER, an attorney duly admitted to practice before the courts of the State of New York, verifies and affirms under penalty of perjury as follows:

1. I am a partner at Sher Tremonte LLP, attorneys for Plaintiffs Antares Management LLC and Saransh Sharma.

2. I have read the foregoing pleading and state that the contents thereof are true to the best of my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true based on documents and information furnished to me by the Plaintiffs.

3. This verification is not being made by any of the Plaintiffs personally because they currently are not in the county where Sher Tremonte has its office.

Dated: New York, New York
       June 22, 2012

Justin M. Sher

14

# EXHIBIT 1

## RE: Facebook Investment Letter of Intent

Dear Sirs,

This Letter shall express Junior Corporation's interest in pursuing an investment in Facebook, Inc. on behalf of our clients. As per our conversations, the terms of the investment are specified below. This document shall be non-binding in nature. The terms are as follows:

Details:

- Entity: "Global Innovation Fund, Ltd." managed by "Gab Global Capital, Inc.", both Cayman Islands based companies with offices at the Walkers Corporate Services, Walkers House, 87 Mary Street, Georgetown, Grand Cayman, Cayman Islands, KY9005.
- Number of Shares: 10,000,000 Class B Common Shares of Facebook, Inc.
- Price of Shares: $31.00 per Share or better.
- Fees: 10% All Inclusive Front End Fee Structure, plus 20% Performance Fee.
- Limitations: These Shares must be sold as soon as they are freely tradable; estimated to be 180 Days after Initial Public Offering.
- Total Investment Amount: US$341,000,000 ($310,000,000 Principal + $31,000,000 as Front End Fees as above).

We look forward to consummating this investment as soon as possible.

Sincerely,

Daniel S. Al Limon
Director

# Exhibit 2


**BROADHURST** LLC
ATTORNEYS-AT-LAW

July 16, 2012

Global Innovation Fund, Ltd.
C/o Stuarts Corporate Services, Ltd.
PO Box 2510, 4th Floor, Cayman Financial Center
36A Dr Roy's Drive,
Grand Cayman

BY HAND

Dear Sirs,

**RE:    Antares Management LLC v Galt Global Capital Inc.**

We have been instructed with respect to the service of the following documents upon you:

1. Hague Service Convention "Notice"
2. Hague Service Convention "Summary"
3. Notice of Commencement of Action Subject to Mandatory Electronic Filing; and
4. Summons; and
5. Verified Complaint with Exhibit 1

The documents have been attached to this letter. We would be grateful if you would confirm receipt by executing this letter and by executing the duplicate copy of the documents also appended hereto.

Yours sincerely,
**Broadhurst LLC**

Kyle Broadhurst

Index No. 652179/2012

**NOTICE**
*(recommended by the Fourteenth Session of*
*Hague Conference of October, 1980)*

**Identité et adresse du destinataire**
*identity and address of the addressee*

> **GLOBAL INNOVATION FUND, LTD.**
> *in care of its registered agent*
> Stuarts Corporate Services, Ltd.
> P.O. Box 2510, 4th Floor, Cayman Financial Center
> 36A Dr. Roy's Drive
> George Town
> Grand Cayman, KY-9002
> **CAYMAN ISLANDS**
> -OR-
> Wherever the defendant may be found in the Cayman
> Islands

**TRÈS IMPORTANT**

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES "ÉLÉMENTS ESSENTIELS DE L'ACTE" VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES :

> Legal Services for New York City
> 350 Broadway
> New York, New York 10013
> U.S.A.
> Tel. 1.212.431.7200

**IMPORTANT**

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE "SUMMARY OF THE DOCUMENT TO BE SERVED" WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD, HOWEVER, READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

> Legal Services for New York City
> 350 Broadway
> New York, New York 10013
> U.S.A.
> Tel. 1.212.431.7200

Index No. 652179/2012

## SUMMARY OF THE DOCUMENT TO BE SERVED
### *ELEMENTS ESSENTIELS DE L'ACTE*

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial
matters, signed at The Hague, November 15, 1965.
*Convention relative à la signification et à la notification à l'étranger des actes judiciaires et extrajudiciares*
*en matière civile ou commerciale, signée à La Haye, le 15 Novembre 1965.*

(article 5, fourth paragraph)
*(article 5, alinéa 4)*

| | |
|---|---|
| Name and address of the requesting authority: | Karina Shreefer, Esq. and Phillip R. Anderson, Esq. |
| *Nom et adresse de l'autorité requérante :* | LEGAL LANGUAGE SERVICES |
| | 8014 State Line Road, Suite 110, Leawood, Kansas 66208, U.S.A. |
| | Tel. 1.913.341.3167 |

Particulars of the parties*:
*Identité des parties :*  ANTARES MANAGEMENT LLC, and SARANSH SHARMA, *Plaintiffs*

GALT GLOBAL CAPITAL INC., GLOBAL INNOVATION FUND, LTD., and GARY BARTHOLOMEW, *Defendants*

### JUDICIAL DOCUMENT**
*ACTE JUDICIAIRE*

Nature and purpose of the document:
*Nature et objet de l'acte :*   To give notice to the Defendant of the commencement of a civil claim against it
and to summon it to answer or otherwise respond.

Nature and purpose of the proceedings and, where appropriate, the amount in dispute:
*Nature et objet de l'instance, le cas échéant, le montant du litige :*   A civil action has been commenced against the Defendant.

Date and place for entering appearance**:
*Date et lieu de la comparution :*   Within thirty (30) days after service of the summons (exclusive of the day of service) before the Clerk of the
Supreme Court of the State of New York, County of New York located at: 60 Centre Street, New York, New York 10007, U.S.A.

Court which has given judgment**:
*Juridiction qui a rendu la décision :*   N/A

Date of judgment**:
*Date de la décision :*   N/A

Time limits stated in the document**:
*Indication des délais figurant dans l'acte :*   Defendant is summoned to answer the complaint and to serve a copy of its answer upon Plaintiff's
Attorney (Sher Tremonte LLP) within thirty (30) days after service of the Summons, exclusive of the day of service. In case of Defendant's
failure to appear or answer, judgment will be taken against it by default for the relief demanded in the Complaint.

### EXTRAJUDICIAL DOCUMENT**
*ACTE EXTRAJUDICIAIRE*

Nature and purpose of the document:
*Nature et objet de l'acte :*   N/A

Time limits stated in the document**:
*Indication des délais figurant dans l'acte :*   N/A

---

\* If appropriate, identify and address of the person interested in the transmission of the document.
*S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte.*
\*\* Delete if inappropriate.
*Rayer les mentions inutiles.*

\*U.S. Government Printing Office 1990-262-211/15302

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------x
ANTARES MANAGEMENT LLC, SARANSH
SHARMA,

                                        Plaintiff/Petitioner,

                    - against -                                             Index No. 652179/2012

GALT GLOBAL CAPITAL INC., GLOBAL
INNOVATION FUND, LTD., GARY
BARTHOLOMEW.
                                        Defendant/Respondent.
-----------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: 06/28/2012



|                           | (Signature)  | 41 Madison Avenue, 41st Floor (Address) |
| Justin M. Sher            | (Name)       | New York, New York 10010 |
| Sher Tremonte LLP         | (Firm Name)  | 212.202.2600 (Phone) |
|                           |              | jsher@shertremonte.com (E-Mail) |

To:    Galt Global Capital Inc,, 1129-36 Blue Jays Way, Toronto, Ontario, Canada M5V 3T3

Global Innovation Fund, Ltd., c/o Walkers Corporate Services Limited, Walkers House
87 Mary Street, Georgetown, Grand Cayman, Cayman Islands, KY1-9001
Gary Bartholomew, 1129-36 Blue Jays Way, Toronto, Ontario, Canada, M5V-3T3

4/8/11

# Exhibit 3



**BROADHURST** LLC
ATTORNEYS-AT-LAW

July 16, 2012

Galt Global Capital Inc.
C/o Stuarts Corporate Services, Ltd.
PO Box 2510, 4th Floor, Cayman Financial Center
36A Dr Roy's Drive,
Grand Cayman

**BY HAND**

Dear Sirs,

**RE:    Antares Management LLC v Galt Global Capital Inc.**

We have been instructed with respect to the service of the following documents upon you:

1. Hague Service Convention "Notice"
2. Hague Service Convention "Summary"
3. Notice of Commencement of Action Subject to Mandatory Electronic Filing; and
4. Summons; and
5. Verified Complaint with Exhibit 1

The documents have been attached to this letter. We would be grateful if you would confirm receipt by executing this letter and by executing the duplicate copy of the documents also appended hereto.

Yours sincerely,
**Broadhurst LLC**

Kyle Broadhurst

Index No. 652179/2012

### NOTICE
*(recommended by the Fourteenth Session of
Hague Conference of October, 1980)*

**Identité et adresse du destinataire**
*identity and address of the addressee*

> GALT GLOBAL CAPITAL INC.
> *in care of its registered agent*
> Stuarts Corporate Services, Ltd.
> P.O. Box 2510, 4th Floor, Cayman Financial Center
> 36A Dr. Roy's Drive
> George Town
> Grand Cayman, KY-9002
> CAYMAN ISLANDS
> -OR-
> Wherever the defendant may be found in the Cayman
> Islands

### TRÈS IMPORTANT

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES "ELÉMENTS ESSENTIELS DE L'ACTE" VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES :

> Legal Services for New York City
> 350 Broadway
> New York, New York 10013
> U.S.A.
> Tel. 1.212.431.7200

### IMPORTANT

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE "SUMMARY OF THE DOCUMENT TO BE SERVED" WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD, HOWEVER, READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

> Legal Services for New York City
> 350 Broadway
> New York, New York 10013
> U.S.A.
> Tel. 1.212.431.7200

Index No. 652179/2012

# SUMMARY OF THE DOCUMENT TO BE SERVED
## ELEMENTS ESSENTIELS DE L'ACTE

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial
matters, signed at The Hague, November 15, 1965.
*Convention relative à la signification et à la notification à l'étranger des actes judiciaires et extrajudiciares*
*en matière civile ou commerciale, signée à La Haye, le 15 Novembre 1965.*

(article 5, fourth paragraph)
*(article 5, alinéa 4)*

| | |
|---|---|
| Name and address of the requesting authority: | Karina Shreefer, Esq. and Phillip R. Anderson, Esq. |
| *Nom et adresse de l'autorité requérante :* | LEGAL LANGUAGE SERVICES |
| | 8014 State Line Road, Suite 110, Leawood, Kansas 66208, U.S.A. |
| | Tel. 1.913.341.3167 |

Particulars of the parties*:
*Identité des parties :*   ANTARES MANAGEMENT LLC, and SARANSH SHARMA, *Plaintiffs*
GALT GLOBAL CAPITAL INC., GLOBAL INNOVATION FUND, LTD., and GARY BARTHOLOMEW, *Defendants*

### JUDICIAL DOCUMENT**
### *ACTE JUDICIAIRE*

Nature and purpose of the document:
*Nature et objet de l'acte :*   To give notice to the Defendant of the commencement of a civil claim against it
and to summon it to answer or otherwise respond.

Nature and purpose of the proceedings and, where appropriate, the amount in dispute:
*Nature et objet de l'instance, le cas échéant, le montant du litige :*   A civil action has been commenced against the Defendant.

Date and place for entering appearance**:
*Date et lieu de la comparution :*   Within thirty (30) days after service of the summons (exclusive of the day of service) before the Clerk of the
Supreme Court of the State of New York, County of New York located at: 60 Centre Street, New York, New York 10007, U.S.A.

Court which has given judgment**:
*Juridiction qui a rendu la décision :*   N/A

Date of judgment**:
*Date de la décision :*   N/A

Time limits stated in the document**:
*Indication des délais figurant dans l'acte :*   Defendant is summoned to answer the complaint and to serve a copy of its answer upon Plaintiff's
Attorney (Sher Tremonte LLP) within thirty (30) days after service of the Summons, exclusive of the day of service. In case of Defendant's
failure to appear or answer, judgment will be taken against it by default for the relief demanded in the Complaint.

### EXTRAJUDICIAL DOCUMENT**
### *ACTE EXTRAJUDICIAIRE*

Nature and purpose of the document:
*Nature et objet de l'acte :*   N/A

Time limits stated in the document**:
*Indication des délais figurant dans l'acte :*   N/A

* If appropriate, identity and address of the person interested in the transmission of the document.
*S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte.*
** Delete if inappropriate.
*Rayer les mentions inutiles.*

*U.S. Government Printing Office 1990-262-211/15302

3

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF  NEW YORK**

---------------------------------------------------------------x

ANTARES MANAGEMENT LLC, SARANSH
SHARMA,

                Plaintiff/Petitioner,

          - against -                             Index No.  652179/2012

GALT GLOBAL CAPITAL INC., GLOBAL
INNOVATION FUND, LTD., GARY
BARTHOLOMEW
                  Defendant/Respondent.

---------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

       PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts.  This notice is being served as required by Subdivision (b) (3) of that Section.

       The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

       Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated:  06/28/2012

                              (Signature)        41 Madison Avenue, 41st Floor (Address)
                                                New York, New York 10010

 Justin M. Sher
                              (Name)

 Sher Tremonte LLP
                            (Firm Name)       212.202.2600            (Phone)

                                               jsher@shertremonte.com        (E-Mail)

To:    Galt Global Capital Inc., 1129-36 Blue Jays Way, Toronto, Ontario, Canada M5V 3T3

       Global Innovation Fund, Ltd., c/o Walkers Corporate Services Limited, Walkers House
      87 Mary Street, Georgetown, Grand Cayman, Cayman Islands, KY1-9001
      Gary Bartholomew, 1129-36 Blue Jays Way, Toronto, Ontario, Canada, M5V-3T3

4/8/11

# Exhibit 4

STATE OF NEW YORK
SUPREME COURT   :  COUNTY OF  NEW YORK

ANTARES MANAGEMENT LLC,
SARANSH SHARMA,

                                    Plaintiffs,

v.                                                                      Index No.:  652179/2012

GALT GLOBAL CAPITAL INC.,
GLOBAL INNOVATION FUND, LTD,
GARY BARTHOLOMEW,

                                    Defendants.
_____

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:        Justin M. Sher, Esq.
           SHER TREMONTE LLP
           41 Madison Avenue, 41st Floor
           New York, New York 10010

           New York County Clerk's Office
           60 Centre Street, Room 141B
           New York, New York 10007
           (*E-Filed using the Court's NYSCEF System*)

           PLEASE TAKE NOTICE that a true copy of the Notice of Removal filed in the

Office of the Clerk of the United States District Court for the Southern District of New York on

August 7, 2012, is attached as **Exhibit A**.

Dated:       August 8, 2012

**HODGSON RUSS LLP**
*Attorneys for Galt Global Capital Inc., Global*
*Innovation Fund, Ltd., Gary Bartholomew*

By: S/Ryan K. Cummings _____
              Ryan K. Cummings
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone:  (716) 856-4000
Facsimile: (716) 849-0349
Email: *ryan_cummings@hodgsonruss.com*

STATE OF NEW YORK
SUPREME COURT : COUNTY OF NEW YORK

ANTARES MANAGEMENT LLC,
SARANSH SHARMA,

Plaintiffs,

v.

Index No.: 652179/2012

GALT GLOBAL CAPITAL INC.,
GLOBAL INNOVATION FUND, LTD,
GARY BARTHOLOMEW,

Defendants.

## AFFIRMATION OF SERVICE

STATE OF NEW YORK          )
                           : ss.
COUNTY OF ERIE             )

**Ryan K. Cummings,** says under the penalties of perjury:

1.  I am an attorney admitted to practice in the state of New York and am a partner at Hodgson Russ LLP.

2.  On August 8, 2012, I served, by filing with the Court's NYSCEF system, Defendants' Notice of Filing Notice of Removal, dated August 7, 2012, on:

    Justin M. Sher, Esq.
    SHER TREMONTE LLP
    41 Madison Avenue, 41st Floor
    New York, New York 10010

    New York County Clerk's Office
    60 Centre Street, Room 141B
    New York, New York 10007

                                    S/Ryan K. Cummings
                                        Ryan K. Cummings

3

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

ANTARES MANAGEMENT LLC,
SARANSH SHARMA,

Plaintiffs,

v.                                              Civil No.

GALT GLOBAL CAPITAL, INC.,
GLOBAL INNOVATION FUND, LTD;
GARY BARTHOLOMEW,

Defendants.

_____

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, the

action entitled *Antares Management LLC, Saransh Sharma v. Galt Global Capital Inc., Global*

*Innovation Fund, Ltd., Gary Bartholomew*, commenced in the Supreme Court of the State of

New York for the County of New York, Index No. 652179/2012, is removed by the Defendants,

Galt Global Capital, Inc., Global Innovation Fund, Ltd., and Gary Bartholomew, from the

Supreme Court of the State of New York, County of New York to the United States District

Court for the Southern District of New York by the filing of this Notice of Removal with the

Clerk of the United States District Court for the Southern District of New York.

Defendants, Galt Global Capital, Inc. ("Galt"), Global Innovation Fund, Ltd.

("GIF"), and Gary Bartholomew ("Bartholomew") (collectively "Defendants"), by and through

their attorneys, respectfully state the following as grounds for removing this action:

1.      On or about June 22, 2012, plaintiffs Antares Management LLC ("Antares") and Saransh Sharma ("Sharma") (collectively, "plaintiffs"), commenced this action by filing a Summons and Verified Complaint in New York State Court, New York County. *See* **Exhibit 1.**

2.      On July 16, 2012, plaintiffs served their Summons and Verified Complaint on GIF, by personally serving the company's office in Grand Cayman. A copy of the cover letter, Hague Service Convention "Notice", and Hague Service Convention "Summary", are attached under **Exhibit 2.**

3.      On July 16, 2012, plaintiffs served their Summons and Verified Complaint on Galt, by personally serving the company's office in Grand Cayman. A copy of the cover letter, Hague Service Convention "Notice", and Hague Service Convention "Summary", are attached under **Exhibit 3.**

4.      To date, Bartholomew has not been served with plaintiffs' Summons and Verified Complaint.

5.      Pursuant to 28 U.S.C. § 1446(b), the Defendants have filed this Notice of Removal within thirty (30) days after being served with plaintiffs' Summons and Verified Complaint.

6.      Defendants have removed this case to this Court because this Court has subject matter jurisdiction. The Defendants do not intend to make a "general appearance" in filing this Notice and do not consent to personal jurisdiction. The Defendants expressly reserve

all defenses, including but not limited to, defenses based on lack of service and improper service, lack of personal jurisdiction, and failure to state a claim.

## THIS COURT HAS SUBJECT MATTER
## JURISDICTION UNDER 28 U.S.C. § 1332

7.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because, upon information and belief, there is complete diversity of citizenship between the parties under 28 U.S.C. § 1332(a)(1)-(3).  The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### Diversity of Citizenship

#### Plaintiffs

8.      In their complaint, plaintiffs state that Antares is a Delaware limited liability company with its principal place of business in San Jose, California.  *See* Exhibit 1, ¶ 17.

9.      Sharma resides in San Jose, California.  *See* Exhibit 1, ¶¶, 18, 22.

10.      Upon information and belief, Sharma is a citizen of the United States or admitted for permanent residence in the United States.

11.      As such, Sharma is considered a citizen of the United States for diversity jurisdiction purposes.

12.      Sharma is the principal and only member of Antares.  *See* Exhibit 1, ¶ 18.

13.      Plaintiffs designated New York County as the venue for their state case based on the alleged residence of plaintiffs.  *See* Exhibit 1, Summons.

14.     For diversity jurisdiction purposes, Antares is a citizen of the United States.

**Defendants**

15.     Defendant GIF is a company organized under the laws of the Cayman Islands with its principal place of business in Grand Cayman, Cayman Islands, and a business address of Stuarts Corporate Services, Ltd., P.O. Box 2510, 4th Floor, 1 Cayman Financial Center, 36A Dr. Roy's Drive, Grand Cayman, Cayman Islands.

16.     The Cayman Islands is a British dependent territory.  GIF is therefore an alien and citizen of the United Kingdom for diversity jurisdiction purposes.

17.     Defendant Galt is company organized under the laws of the Cayman Islands with its principal place of business in Grand Cayman, Cayman Islands, and a business address of Stuarts Corporate Services, Ltd., P.O. Box 2510, 4th Floor, 1 Cayman Financial Center, 36A Dr. Roy's Drive, Grand Cayman, Cayman Islands.

18.     Galt is an alien and citizen of the United Kingdom for diversity jurisdiction purposes.

19.     Bartholomew is a Canadian citizen who resides in Toronto, Ontario, Canada.

20.     Bartholomew is an alien and citizen of Canada for diversity jurisdiction purposes.

**Amount in Controversy**

21.     The face of the plaintiffs' complaint establishes that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

22.     Plaintiffs have alleged that they suffered, at least, $15.5 million in damages. See Exhibit 1, ¶¶ 90, 109, and Plaintiffs' Demand for Relief, ¶ 1. The Defendants expressly deny the plaintiffs' allegations, but the monetary threshold for diversity of jurisdiction purposes is clearly satisfied based on plaintiffs' complaint.

## PROCEDURAL MATTERS

23.     The Defendants have submitted with this Notice of Removal a completed Civil Cover Sheet and a check in the amount of $350.00 for the required filing fee.

24.     A copy of the written notice required by 28 U.S.C. § 1446(d), addressed to the plaintiffs' counsel and to the Clerk for the Supreme Court, New York County, is attached as **Exhibit 4.** It will be filed with that clerk and, along with this Notice of Removal, will be served on plaintiffs after the filing of this Notice of Removal.

**WHEREFORE,** Defendants remove this action, currently docketed in the Supreme Court of the State of New York, New York County, Index No.652179/2012, to this Court and requests that the United States District Court for the Southern District of New York assume complete jurisdiction over this action and exclude any further proceedings in the New York State Supreme Court.

Dated:        August 7, 2012

                              **HODGSON RUSS LLP**
                              *Attorneys for Defendants Galt Global Capital, Inc.,*
                              *Global Innovation Fund, Ltd., and Gary*
                              *Bartholomew*

                              By: _____
                                    Ryan K. Cummings (RC 5411)
                              The Guaranty Building
                              140 Pearl Street, Suite 100
                              Buffalo, New York 14202
                              Telephone:  (716) 856-4000
                              Facsimile: (716) 849-0349
                              E-mail: *ryan_cummings@hodgsonruss.com*


TO:           **SHER TREMONTE LLP**
              *Attorneys for Plaintiffs*
              Justin M. Sher, Esq.
              41 Madison Avenue, 41st Floor
              New York, New York 10010
              Telephone: (212) 202-2600
              Facsimile: (212) 202-4156
              E-mail: *jsher@shertremonte.com*

# Exhibit 1

FILED: NEW YORK COUNTY CLERK 06/22/2012

NYSCEF DOC. NO. 1

INDEX NO. 652179/2012

RECEIVED NYSCEF: 06/22/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ANTARES MANAGEMENT LLC, SARANSH
SHARMA,

                              Plaintiffs,

        -against-

GALT GLOBAL CAPITAL INC., GLOBAL
INNOVATION FUND, LTD., GARY
BARTHOLOMEW,

                              Defendants.

Index No. 652179/2012

The basis of venue is:
CPLR § 503(a)

SUMMONS

Date Index No. purchased:
June 22, 2012

TO THE ABOVE NAMED DEFENDANTS:

        PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the

complaint in this action and to serve a copy of your answer, or, if the complaint is not served

with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days

after the service of this summons, exclusive of the day of service (or within 30 days after the

service is complete if this summons is not personally delivered to you within the State of New

York); and in case of your failure to appear or answer, judgment will be taken against you by

default for the relief demanded in the complaint.

        The basis for venue is Plaintiff's residence in New York County pursuant to CPLR §

503(a).

Dated: New York, New York
        June 22, 2012


                                    SHER TREMONTE LLP


                                    By:  /s/ Justin M. Sher
                                          Justin M. Sher
                                    41 Madison Avenue, 41st Floor
                                    New York, New York 10010
                                    Tel:  212.202.2600
                                    Fax:  212.202.4156
                                    E-mail: jsher@shertremonte.com

                                    *Attorneys for Plaintiff Daniel Fries Productions Inc.,
                                    d/b/a Leroy and Clarkson*


To:     Galt Global Capital Inc.
        1129-36 Blue Jays Way
        Toronto, Ontario, Canada M5V 3T3

        Global Innovation Fund, Ltd.
        c/o Walkers Corporate Services Limited
        Walkers House, 87 Mary Street
        Georgetown, Grand Cayman
        Cayman Islands, KY1-9001

        Gary Bartholomew
        1129-36 Blue Jays Way
        Toronto, Ontario, Canada M5V 3T3

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

ANTARES MANAGEMENT LLC, SARANSH
SHARMA,

                          Plaintiffs,

    -against-

GALT GLOBAL CAPITAL INC., GLOBAL
INNOVATION FUND, LTD., GARY
BARTHOLOMEW,

                          Defendants.

Index No. 652179/2012

**VERIFIED COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiffs Antares Management LLC ("Antares") and Saransh Sharma ("Sharma" and together, "Plaintiffs"), by their undersigned attorneys, for their Verified Complaint against Defendants Galt Global Capital Inc. ("Galt"), Global Innovation Fund, Ltd. ("GIF") and Gary Bartholomew ("Bartholomew" and, collectively, the "Defendants"), allege as follows:

<u>NATURE OF ACTION</u>

    1.    This action arises from Defendants' refusal to pay Plaintiffs an agreed upon finder's fee or otherwise compensate Plaintiffs for the work they performed for Defendants and their joint venture.

    2.    Galt and Bartholomew created GIF as a fund whose primary purpose was to invest in social media companies, including Facebook, Inc.

    3.    Plaintiffs have valuable contacts with investors in both the financial and technology industries throughout various parts of the world, including the United States and the Middle East.

    4.    Defendants enlisted Plaintiffs as partners to identify potential investors in GIF and potential sellers of private shares of social media companies.

5.      In return for Plaintiffs' assistance in identifying potential investors and sellers and introducing them to Defendants, Defendants agreed to pay Plaintiffs a finder's fee.

6.      Defendants agreed to pay Plaintiffs 50 percent of any fees generated.

7.      Plaintiffs spent several months and thousands of hours attempting to identify potential investors in GIF and sellers of shares of social media companies.

8.      Plaintiffs identified Juthoor Corporation ("Juthoor"), a major investor, and introduced Juthoor to Defendants.

9.      Juthoor executed a letter of intent (the "LOI"), in which it confirmed its intention to invest $341 million in GIF.

10.     The LOI included a commitment from Juthoor to pay front-end fees of ten percent, or $31 million, and a performance fee of 20 percent for any profits generated.

11.     In the LOI, Juthoor expressed its interest in "consummating this investment as soon as possible."

12.     Notwithstanding Plaintiffs' success in identifying Juthoor and bringing Juthoor to Defendants, Defendants rejected Juthoor as an investor.

13.     Upon information and belief, Defendants rejected Juthoor in bad faith in order to avoid paying Plaintiffs their agreed upon share of the fees.

14.     In this action, Plaintiffs seek to recover the finder's fee they earned, compensation for the efforts they expended and the related damages they suffered.

## JURISDICTION AND VENUE

15. This Court has personal and subject matter jurisdiction over this action pursuant to CPLR §§ 301 and 302.

16. Venue is proper in New York County pursuant to CPLR § 503 because, upon information and belief, Defendant Galt maintains an office in New York County and, alternatively, because Plaintiff has designated New York County.

## PARTIES

17. Plaintiff Antares is a limited liability company, organized in the State of Delaware, which offers market research and finder services in the social media sector. Antares currently maintains its principal place of business in San Jose, California. Prior to July 2011, Antares maintained its principal place of business in New York, New York.

18. Plaintiff Sharma is the principal of Antares. Sharma currently resides in San Jose, California. Prior to July 2011, Sharma resided in New York, New York.

19. Defendant Galt is an asset management and financial advisory firm. Upon information and belief, Galt is organized in the Cayman Islands and maintains offices in Toronto, New York and the Cayman Islands. Galt regularly conducts business in New York State.

20. Defendant GIF is a fund managed by Galt. Upon information and belief, GIF is organized in the Cayman Islands and maintains a principal place of business in Grand Cayman. GIF regularly conducts business in New York State.

21. Defendant Bartholomew is a principal of Galt. Upon information and belief, Bartholomew resides in Toronto, Ontario. Bartholomew regularly conducts business in New York State.

## FACTS COMMON TO ALL CLAIMS

**I.    Sharma Establishes Antares**

22.    Sharma was born in Muscat, Oman.

23.    Sharma attended college in the United States.

24.    From 2003 through 2010, Sharma was employed in the financial industry.

25.    In the course of his employment, Sharma developed a substantial global network.

26.    Sharma established strong connections with investors based in the United States and, through his close ties to Oman, the Middle East.

27.    Sharma also established strong connections with entrepreneurs, investors and broker-dealers in the technology and social media sectors.

28.    In or about March 2011, Sharma formed Antares to service his growing network.

29.    Through Antares, Sharma offered market research and finder and consulting services in the financial and social media sectors.

**II.    Plaintiffs and Defendants Agree to Work Together**

30.    In or about September 2010, several months before he founded Antares, Sharma was introduced to Bartholomew through a third party.

31.    Galt and Bartholomew were involved in bringing parties together for direct purchases of tradable shares of social media companies, including Facebook, Twitter and LinkedIn.

32.    In addition, Bartholomew told Sharma that he and Galt were raising money for GIF.

33.    GIF was a new investment fund that would be managed by Galt and would focus on investing in the social media sector.

4

34.   GIF would invest primarily in shares of social media companies, including Facebook, Inc.

35.   In October 2010 and at all relevant times, Facebook was a private social networking company whose shares were not freely tradable on public markets.

36.   At that time, shares of Facebook could be purchased only through private channels from employees, venture capitalists and others with an inside connection to Facebook.

37.   Facebook had a substantial, global subscriber base and is regarded by many as the largest and most valuable social networking company.

38.   Because Facebook was expected to make an initial public offering that could result in the appreciation of its shares, Facebook's privately traded shares were in high demand.

39.   Defendants recognized that Plaintiffs offered valuable connections to both potential investors and potential sellers of shares of social media companies, including Facebook.

40.   Plaintiffs and Defendants agreed to work together as partners and form a joint venture.

41.   Plaintiffs and Defendants agreed to endeavor to facilitate deals through their combined connections.

42.   Plaintiffs agreed to share their connections to global investors and social media insiders.

43.   Defendants agreed to bring their access to capital and their relationship with a broker dealer at Deutsche Bank who offered to extend margin loans equal to 25 percent of the assets they deposited at Deutsche Bank.

44.   Defendants invited Sharma to become a shareholder of Galt.

5

45.     Over the next several months, Plaintiffs and Defendants attempted to introduce multiple parties and to facilitate various deals.

46.     Throughout this period, the terms of Plaintiffs and Defendants' partnership continued to evolve.

### III.    Plaintiffs Identify Juthoor as a Potential Investor and Defendants Confirm Their Commitment to Split Fees from Any Investors Introduced by Plaintiffs

47.     In or about October 2010, in furtherance of their partnership, Plaintiffs provided a list of their contacts to Defendants.

48.     The list included Juthoor Corporation, an important potential investor.

49.     In or about November 2010, Plaintiffs met with Juthoor to discuss the possibility of arranging a meeting between Juthoor to Defendants.

50.     In the subsequent months, Plaintiffs continued to communicate with Juthoor about the possibility of meeting with Defendants.

51.     Plaintiffs and Defendants continued to work together in an effort to put together various deals, none of which came to fruition.

52.     On or about April 14, 2011, Bartholomew e-mailed Sharma.

53.     In the e-mail, Bartholomew expressed his view that attracting investors to GIF was "still the way to go."

54.     Bartholomew stated that, if they could just find an investor interested in contributing at least $50 million, then "off we go."

55.     On or about April 23, 2011, Bartholomew sent another e-mail to Sharma.

56.     In the e-mail, Bartholomew reiterated the agreement to split equally any fees generated from investors introduced by Plaintiffs: "if you have any capital source that we can

push to the fund *fee split of 50%* to the capital and the pitch is we have access to FB stock at $23-25/share and this is done by using our DB facility" (emphasis added).

IV.   **Plaintiffs Bring Juthoor to Defendants as a Ready, Willing and Able Investor**

57.   Plaintiffs continued to spend their time and resources to find potential investors for GIF in order to further the interest of Plaintiffs' partnership with Defendants.

58.   In January 2012, Plaintiffs met with Juthoor and offered once again to introduce Juthoor to Defendants.

59.   On January 10, 2012, Juthoor executed the LOI, attached hereto as **Exhibit 1.**

60.   The LOI is addressed to Sharma and Antares in New York.

61.   In the LOI, Juthoor detailed the terms of the investment they intended to make.

62.   Juthoor stated their interest in investing in "Global Innovation Fund, Ltd." managed by "Galt Global Capital, Inc."

63.   Juthoor indicated their interest in investing sufficient capital in the fund to purchase ten million shares of Facebook Class B Common Shares at a price of $31 per share or less.

64.   Juthoor indicated its intention to pay a front-end fee of ten percent, or $31 million in addition to a performance fee of 20 percent of profits generated upon the liquidation of the Facebook shares following six months after a public offering.

65.   Juthoor concluded the letter by writing, "We look forward to consummating this investment as soon as possible."

## V.     Defendants Reject Juthoor and Refuse to Pay Plaintiffs

66.     On or about January 11, 2012 Plaintiffs attempted to present the LOI to Defendants.

67.     The LOI met all the terms sought by GIF.

68.     Juthoor was prepared to invest $310 million in the fund, over six times as much as the $50 million Defendants had indicated in April 2011 they were hoping to receive.

69.     Juthoor was a ready, willing and able investor.

70.     The fees generated by Juthoor were guaranteed to be a minimum of $31 million.

71.     Pursuant to the agreement between Plaintiffs and Defendants, Plaintiffs and Defendants would each receive half of this fee, or $15.5 million.

72.     Notwithstanding the agreement between the parties and Defendants' repeated pleas for Plaintiffs' assistance in raising capital, Defendants refused to consider Juthoor as an investor.

73.     Defendants rejected Juthoor wrongfully and improperly.

74.     Upon information and belief, Defendants rejected Juthoor in bad faith because Defendants did not wish to share any fees with Plaintiffs.

75.     Upon information and belief, Defendants identified other investors in GIF and closed deals with them.

76.     Defendants excluded Plaintiffs from these deals.

77.     Upon information and belief, Defendants found the other investors and/or sellers of Facebook through contacts Plaintiffs had identified for Defendants.

78.     As a consequence of Defendants' rejection of Juthoor, Plaintiffs suffered damages to their professional reputation.

8

79.   Defendants have not paid any finder's fee to Plaintiffs.

80.   Defendants have not compensated Plaintiffs for the time, out-of-pocket expenses and other resources they expended on behalf of the partnership.

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT

81.   Plaintiffs repeat and re-allege each of the foregoing allegations as if fully set forth herein.

82.   Plaintiffs and Defendants entered into a valid agreement.

83.   Plaintiffs agreed to identify potential investors in GIF and introduce them to Defendants.

84.   Defendants agreed to share equally with Plaintiffs any fees generated from investments in GIF made by investors introduced by Plaintiffs.

85.   Plaintiffs performed their obligation under the contract by introducing Juthoor, a ready, willing and able investor, to Defendants.

86.   Defendants wrongfully and improperly rejected Juthoor's investment in order to avoid paying Plaintiffs their agreed upon finder's fee.

87.   Defendants acted in bad faith by rejecting Juthoor's investment in order to avoid paying Plaintiffs their finder's fee.

88.   By rejecting Juthoor as an investor and refusing to pay Plaintiffs the finder's fee, Defendants breached the terms of their agreement with Plaintiffs.

89.   By rejecting Juthoor as an investor and refusing to pay Plaintiffs the finder's fee, Defendants breached the implied covenant of good faith and fair dealing.

90.   As a direct and proximate consequence of Defendants' breach, Plaintiffs have suffered damages of $15.5 million in lost front-end management fees.

9

91.     As a direct and proximate consequence of Defendants' breach, Plaintiffs have suffered damages of additional millions of dollars in performance-based fees.

## SECOND CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY

92.     Plaintiffs repeat and re-allege each of the foregoing allegations as if fully set forth herein.

93.     Plaintiffs and Defendants formed a partnership.

94.     Under the terms of their oral partnership agreement, reflected in a series of writings, Plaintiffs and Defendants agreed to endeavor to facilitate deals through their combined connections.

95.     Pursuant to their partnership agreement, Plaintiffs and Defendants agreed to split equally any fees that were generated from these endeavors.

96.     As a consequence of their partnership, Defendants owed Plaintiffs fiduciary duties, including duties of care, good faith and loyalty.

97.     Defendants breached the fiduciary duties they owed to Plaintiffs by, among other things, exploiting Plaintiffs' contacts for Defendants' own benefit.

98.     Upon information and belief, Defendants have proceeded to raise funds for GIF and enter into other deals with investors Defendants identified through Plaintiffs' contacts, including Peter Healy and EFG.

99.     As a direct and proximate consequence of Defendants' breaches of fiduciary duty, Plaintiffs have suffered damages in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### QUANTUM MERUIT

100.    Plaintiffs repeat and re-allege each of the foregoing allegations as if fully set forth herein.

101.    Plaintiffs performed services as a finder for Defendants.

102.    Plaintiffs performed these services in good faith.

103.    Defendants accepted and benefited from Plaintiffs' services.

104.    Plaintiffs expected to be compensated for its services.

105.    Specifically, Plaintiffs expected to receive half of the fees generated from any investors introduced by Plaintiffs to Defendants.

106.    It is customary in the financial industry for finders to receive a commission for their services.

107.    The services performed by Plaintiffs had substantial value.

108.    The Defendants have not fully compensated the Plaintiffs for their services.

109.    Plaintiffs are entitled to recover from Defendants based on quantum meruit the full value of the services it performed for Defendants or no less than $15.5 million.

### FOURTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT

110.    Plaintiffs repeat and re-allege each of the foregoing allegations as if fully set forth herein.

111.    Plaintiffs performed finder services for Defendants and introduced Defendants to important contacts who, upon information and belief, helped Defendants consummate various deals.

112.    Defendants benefitted from these services at the expense of Plaintiffs.

11

113.   Defendants have not fully compensated Plaintiffs for these services.

114.   It is against equity and good conscience to permit Defendants to retain the benefit of Plaintiffs' services without fully compensating Plaintiffs.

115.   Defendants have been unjustly enriched in an amount no less than $15.5 million by accepting Plaintiffs' services without fully compensating them.

## FIFTH CLAIM FOR RELIEF
## ESTOPPEL

116.   Plaintiffs repeat and re-allege each of the foregoing allegations as if fully set forth herein.

117.   The Defendants promised to pay Plaintiffs 50 percent of all fees generated from investors introduced by Plaintiffs.

118.   Plaintiffs reasonably and foreseeably relied on Defendants' promises to its detriment by expending time and effort to identify potential investors in GIF and introduce them to Defendants.

119.   At all relevant times, Defendants were aware of Plaintiffs' reliance.

120.   Defendants should be estopped from disavowing their obligations to pay Plaintiffs their fee of $15.5 million plus an additional performance fee to be determined at trial in connection with Plaintiffs' performance of finder services.

12

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs Antares and Sharma pray for judgment against Defendants as

follows:

1.  Granting Plaintiffs damages in an amount to be proven at trial but no less than

$15.5 million plus applicable interest;

2.  Granting Plaintiffs their full costs; and

3.  Granting Plaintiffs such other and further relief as the Court may consider

equitable, just, and proper.

Dated:  New York, New York
       June 22, 2012

SHER TREMONTE LLP

By:   /s/ Justin M. Sher
       Justin M. Sher
       Yuriko Tada
41 Madison Avenue, 41st Floor
New York, New York 10010
Tel: 212.202.2600
E-mail: jsher@shertremonte.com

*Attorneys for Plaintiffs Antares Management LLC
and Saransh Sharma*

13

## VERIFICATION

JUSTIN M. SHER, an attorney duly admitted to practice before the courts of the State of New York, verifies and affirms under penalty of perjury as follows:

1. I am a partner at Sher Tremonte LLP, attorneys for Plaintiffs Antares Management LLC and Saransh Sharma.

2. I have read the foregoing pleading and state that the contents thereof are true to the best of my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true based on documents and information furnished to me by the Plaintiffs.

3. This verification is not being made by any of the Plaintiffs personally because they currently are not in the county where Sher Tremonte has its office.

Dated: New York, New York
    June 22, 2012

Justin M. Sher

14

# EXHIBIT 1





# Exhibit 2



**BROADHURST**
ATTORNEYS-AT-LAW

July 16, 2012

Global Innovation Fund, Ltd.
C/o Stuarts Corporate Services, Ltd.
PO Box 2510, 4th Floor, Cayman Financial Center
36A Dr Roy's Drive,
Grand Cayman

**BY HAND**

Dear Sirs,

**RE:    Antares Management LLC v Galt Global Capital Inc.**

We have been instructed with respect to the service of the following documents upon you:

1. Hague Service Convention "Notice"
2. Hague Service Convention "Summary"
3. Notice of Commencement of Action Subject to Mandatory Electronic Filing; and
4. Summons; and
5. Verified Complaint with Exhibit 1

The documents have been attached to this letter. We would be grateful if you would confirm receipt by executing this letter and by executing the duplicate copy of the documents also appended hereto.

Yours sincerely,
**Broadhurst LLC**

Kyle Broadhurst

Index No. 652179/2012

**NOTICE**
*(recommended by the Fourteenth Session of*
*Hague Conference of October, 1980)*

**Identité et adresse du destinataire**
*identity and address of the addressee*

> **GLOBAL INNOVATION FUND, LTD.**
> *in care of its registered agent*
> Stuarts Corporate Services, Ltd.
> P.O. Box 2510, 4th Floor, Cayman Financial Center
> 36A Dr. Roy's Drive
> George Town
> Grand Cayman, KY-9002
> **CAYMAN ISLANDS**
> -OR-
> Wherever the defendant may be found in the Cayman
> Islands

**TRÈS IMPORTANT**

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES "ELÉMENTS ESSENTIELS DE L'ACTE" VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES :

> Legal Services for New York City
> 350 Broadway
> New York, New York 10013
> U.S.A.
> Tel. 1.212.431.7200

**IMPORTANT**

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE "SUMMARY OF THE DOCUMENT TO BE SERVED" WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD, HOWEVER, READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

> Legal Services for New York City
> 350 Broadway
> New York, New York 10013
> U.S.A.
> Tel. 1.212.431.7200

Index No. 652179/2012

# SUMMARY OF THE DOCUMENT TO BE SERVED
## ELEMENTS ESSENTIELS DE L'ACTE

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial
matters, signed at The Hague, November 15, 1965.
*Convention relative à la signification et à la notification à l'étranger des actes judiciaires et extrajudiciares
en matière civile ou commerciale, signée à La Haye, le 15 Novembre 1965.*

(article 5, fourth paragraph)
*(article 5, alinéa 4)*

| | |
|---|---|
| **Name and address of the requesting authority:** | Karina Shreefer, Esq. and Phillip R. Anderson, Esq. |
| *Nom et adresse de l'autorité requérante :* | LEGAL LANGUAGE SERVICES |
| | 8014 State Line Road, Suite 110, Leawood, Kansas 66208, U.S.A. |
| | Tel. 1.913.341.3167 |

**Particulars of the parties\*:**
*Identité des parties :*   ANTARES MANAGEMENT LLC, and SARANSH SHARMA, *Plaintiffs*
   GALT GLOBAL CAPITAL INC., GLOBAL INNOVATION FUND, LTD., and GARY BARTHOLOMEW, *Defendants*

## JUDICIAL DOCUMENT\*\*
### ACTE JUDICIAIRE

**Nature and purpose of the document:**
*Nature et objet de l'acte :*   To give notice to the Defendant of the commencement of a civil claim against it
and to summon it to answer or otherwise respond.

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige :*   A civil action has been commenced against the Defendant.

**Date and place for entering appearance\*\*:**
*Date et lieu de la comparution :*   Within thirty (30) days after service of the summons (exclusive of the day of service) before the Clerk of the
Supreme Court of the State of New York, County of New York located at: 60 Centre Street, New York, New York 10007, U.S.A.

**Court which has given judgment\*\*:**
*Juridiction qui a rendu la décision :*   N/A

**Date of judgment\*\*:**
*Date de la décision :*   N/A

**Time limits stated in the document\*\*:**
*Indication des délais figurant dans l'acte :*   Defendant is summoned to answer the complaint and to serve a copy of its answer upon Plaintiff's
Attorney (Sher Tremonte LLP) within thirty (30) days after service of the Summons, exclusive of the day of service. In case of Defendant's
failure to appear or answer, judgment will be taken against it by default for the relief demanded in the Complaint.

## EXTRAJUDICIAL DOCUMENT\*\*
### ACTE EXTRAJUDICIAIRE

**Nature and purpose of the document:**
*Nature et objet de l'acte :*   N/A

**Time limits stated in the document\*\*:**
*Indication des délais figurant dans l'acte :*   N/A

\*   If appropriate, identity and address of the person interested in the transmission of the document.
*S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte.*
\*\* Delete if inappropriate.
*Rayer les mentions inutiles.*

\*U.S. Government Printing Office 1990-262-211/15362

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

————————————————————————X
ANTARES MANAGEMENT LLC, SARANSH
SHARMA,

                          Plaintiff/Petitioner,

      - against -                                        Index No. 652179/2012

GALT GLOBAL CAPITAL INC., GLOBAL
INNOVATION FUND, LTD., GARY
BARTHOLOMEW
                        Defendant/Respondent.
————————————————————————X

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

       PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

       The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

       Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: 06/28/2012



| | (Signature) | 41 Madison Avenue, 41st Floor (Address) |
| Justin M. Sher | (Name) | New York, New York 10010 |
| Sher Tremonte LLP | (Firm Name) | 212.202.2600 (Phone) |
| | | jsher@shertremonte.com (E-Mail) |

To:    Galt Global Capital Inc., 1129-36 Blue Jays Way, Toronto, Ontario, Canada M5V 3T3

       Global Innovation Fund, Ltd., c/o Walkers Corporate Services Limited, Walkers House 87 Mary Street, Georgetown, Grand Cayman, Cayman Islands, KY1-9001
       Gary Bartholomew, 1129-36 Blue Jays Way, Toronto, Ontario, Canada, M5V-3T3

# Exhibit 3


**BROADHURST** LLC
ATTORNEYS-AT-LAW

July 16, 2012

Galt Global Capital Inc.
C/o Stuarts Corporate Services, Ltd.
PO Box 2510, 4th Floor, Cayman Financial Center
36A Dr Roy's Drive,
Grand Cayman

**BY HAND**

Dear Sirs,

**RE:    Antares Management LLC v Galt Global Capital Inc.**

We have been instructed with respect to the service of the following documents upon you:

1. Hague Service Convention "Notice"
2. Hague Service Convention "Summary"
3. Notice of Commencement of Action Subject to Mandatory Electronic Filing; and
4. Summons; and
5. Verified Complaint with Exhibit 1

The documents have been attached to this letter. We would be grateful if you would confirm receipt by executing this letter and by executing the duplicate copy of the documents also appended hereto.

Yours sincerely,
**Broadhurst LLC**

Kyle Broadhurst

Index No. 652179/2012

**NOTICE**
*(recommended by the Fourteenth Session of*
*Hague Conference of October, 1980)*

**Identité et adresse du destinataire**
*identity and address of the addressee*

---

**GALT GLOBAL CAPITAL INC.**
*in care of its registered agent*
Stuarts Corporate Services, Ltd.
P.O. Box 2510, 4ᵗʰ Floor, Cayman Financial Center
36A Dr. Roy's Drive
George Town
Grand Cayman, KY-9002
**CAYMAN ISLANDS**
-OR-
Wherever the defendant may be found in the Cayman
Islands

---

**TRÈS IMPORTANT**

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES "ELÉMENTS ESSENTIELS DE L'ACTE" VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES :

Legal Services for New York City
350 Broadway
New York, New York 10013
U.S.A.
Tel. 1.212.431.7200

**IMPORTANT**

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE "SUMMARY OF THE DOCUMENT TO BE SERVED" WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD, HOWEVER, READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

Legal Services for New York City
350 Broadway
New York, New York 10013
U.S.A.
Tel. 1.212.431.7200

Index No. 652179/2012

# SUMMARY OF THE DOCUMENT TO BE SERVED
## ELEMENTS ESSENTIELS DE L'ACTE

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial
matters, signed at The Hague, November 15, 1965.
*Convention relative à la signification et à la notification à l'étranger des actes judiciaires et extrajudiciares
en matière civile ou commerciale, signée à La Haye, le 15 Novembre 1965.*

(article 5, fourth paragraph)
*(article 5, alinéa 4)*

| | |
|---|---|
| **Name and address of the requesting authority:** | Karina Shreefer, Esq. and Phillip R. Anderson, Esq. |
| *Nom et adresse de l'autorité requérante :* | LEGAL LANGUAGE SERVICES |
| | 8014 State Line Road, Suite 110, Leawood, Kansas 66208, U.S.A. |
| | Tel. 1.913.341.3167 |

**Particulars of the parties\*:**
*Identité des parties :*   ANTARES MANAGEMENT LLC, and SARANSH SHARMA, *Plaintiffs*

GALT GLOBAL CAPITAL INC., GLOBAL INNOVATION FUND, LTD., and GARY BARTHOLOMEW, *Defendants*

## JUDICIAL DOCUMENT\*\*
### ACTE JUDICIAIRE

**Nature and purpose of the document:**
*Nature et objet de l'acte :*   To give notice to the Defendant of the commencement of a civil claim against it
and to summon it to answer or otherwise respond.

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige :*   A civil action has been commenced against the Defendant.

**Date and place for entering appearance\*\*:**
*Date et lieu de la comparution :*   Within thirty (30) days after service of the summons (exclusive of the day of service) before the Clerk of the
Supreme Court of the State of New York, County of New York located at: 60 Centre Street, New York, New York 10007, U.S.A.

**Court which has given judgment\*\*:**
*Juridiction qui a rendu la décision :*   N/A

**Date of judgment\*\*:**
*Date de la décision :*   N/A

**Time limits stated in the document\*\*:**
*Indication des délais figurant dans l'acte :*   Defendant is summoned to answer the complaint and to serve a copy of its answer upon Plaintiff's
Attorney (Sher Tremonte LLP) within thirty (30) days after service of the Summons, exclusive of the day of service. In case of Defendant's
failure to appear or answer, judgment will be taken against it by default for the relief demanded in the Complaint.

## EXTRAJUDICIAL DOCUMENT\*\*
### ACTE EXTRAJUDICIAIRE

**Nature and purpose of the document:**
*Nature et objet de l'acte :*   N/A

**Time limits stated in the document\*\*:**
*Indication des délais figurant dans l'acte :*   N/A

\*   If appropriate, identity and address of the person interested in the transmission of the document.
*S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte.*
\*\*   Delete if inappropriate.
*Rayer les mentions inutiles.*

\*U.S. Government Printing Office 1990-262-211/15302

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------X

ANTARES MANAGEMENT LLC, SARANSH
SHARMA,

Plaintiff/Petitioner,

- against -                                              Index No. 652179/2012

GALT GLOBAL CAPITAL INC., GLOBAL
INNOVATION FUND, LTD., GARY
BARTHOLOMEW.

Defendant/Respondent.

---------------------------------------------------------X

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: 06/28/2012



| | |
|---|---|
| _____ (Signature) | 41 Madison Avenue, 41st Floor (Address) |
| Justin M. Sher (Name) | New York, New York 10010 |
| Sher Tremonte LLP (Firm Name) | |
| | 212.202.2600 (Phone) |
| | jsher@shertremonte.com (E-Mail) |

To:    Galt Global Capital Inc,, 1129-36 Blue Jays Way, Toronto, Ontario, Canada M5V 3T3

Global Innovation Fund, Ltd., c/o Walkers Corporate Services Limited, Walkers House
87 Mary Street, Georgetown, Grand Cayman, Cayman Islands, KY1-9001
Gary Bartholomew, 1129-36 Blue Jays Way, Toronto, Ontario, Canada, M5V-3T3

# Exhibit 4

STATE OF NEW YORK
SUPREME COURT  : COUNTY OF  NEW YORK

ANTARES MANAGEMENT LLC,
SARANSH SHARMA,

                         Plaintiffs,

         v.                                                   Index No.:  652179/2012

GALT GLOBAL CAPITAL INC.,
GLOBAL INNOVATION FUND, LTD,
GARY BARTHOLOMEW,

                         Defendants.

---

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:          Justin M. Sher, Esq.
             SHER TREMONTE LLP
             41 Madison Avenue, 41st Floor
             New York, New York 10010

             New York County Clerk's Office
             60 Centre Street, Room 141B
             New York, New York 10007
             (*E-Filed using the Court's NYSCEF System*)

             PLEASE TAKE NOTICE that a true copy of the Notice of Removal filed in the

Office of the Clerk of the United States District Court for the Southern District of New York on

August 7, 2012, is attached as **Exhibit A.**

Dated:      August 8, 2012

**HODGSON RUSS LLP**

*Attorneys for Galt Global Capital Inc., Global Innovation Fund, Ltd., Gary Bartholomew*

By: S/Ryan K. Cummings

Ryan K. Cummings
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone: (716) 856-4000
Facsimile: (716) 849-0349
Email: *ryan_cummings@hodgsonruss.com*

STATE OF NEW YORK
SUPREME COURT  : COUNTY OF  NEW YORK

ANTARES MANAGEMENT LLC,
SARANSH SHARMA,

Plaintiffs,

v.                                                                    Index No.:  652179/2012

GALT GLOBAL CAPITAL INC.,
GLOBAL INNOVATION FUND, LTD,
GARY BARTHOLOMEW,

Defendants.

## AFFIRMATION OF SERVICE

STATE OF NEW YORK          )
                                                   : ss.
COUNTY OF ERIE                    )

**Ryan K. Cummings,** says under the penalties of perjury:

1. I am an attorney admitted to practice in the state of New York and am a partner at Hodgson Russ LLP.

2. On August 8, 2012, I served, by filing with the Court's NYSCEF system, Defendants' Notice of Filing Notice of Removal, dated August 7, 2012, on:

   Justin M. Sher, Esq.
   SHER TREMONTE LLP
   41 Madison Avenue, 41st Floor
   New York, New York 10010

   New York County Clerk's Office
   60 Centre Street, Room 141B
   New York, New York 10007

S/Ryan K. Cummings
Ryan K. Cummings

3